1  SEYFARTH SHAW LLP
   Michael J. Burns (SBN 172614)
2  mburns@seyfarth.com
   Eric E. Hill (SBN 173247)
3  ehill@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:   (415) 397-2823
5  Facsimile:   (415) 397-8549

6  Attorneys for Defendants
   IHG MANAGEMENT (MARYLAND) LLC;
7  INTERCONTINENTAL HOTELS GROUP
   RESOURCES, INC.; INTERCONTINENTAL
8  HOTELS GROUP RESOURCES LLC

9

10                 UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13  MALLORY CAVADA, an individual, on         Case No. **'19CV1675 GPC BLM**
    behalf of herself and on behalf of all
14  persons similarly situated,               **NOTICE OF REMOVAL OF CIVIL
                                               ACTION TO THE UNITED
15               Plaintiff,                    STATES DISTRICT COURT**

16         v.                                  [San Diego County Superior Court Case
                                                No. 37-2019-00039279-CU-OE-CTL]
17  INTER-CONTINENTAL HOTELS
    GROUP, INC., a Corporation; IHG           Date Action Filed:      July 29, 2019
18  MANAGEMENT MARYLAND LLC, a
    Limited Liability Company;
19  INTERCONTINENTAL HOTELS
    GROUP RESOURCES, INC., a
20  Corporation; INTERCONTINENTAL
    HOTELS GROUP RESOURCES, LLC, a
21  Limited Liability Company; and DOES 1
    through 50, inclusive,
22
                 Defendants.
23

24

25       TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

26  DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF

27  RECORD:

28

PLEASE TAKE NOTICE that Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. ("IHGR"), INTERCONTINENTAL HOTELS GROUP RESOURCES LLC, ("IHGRLLC") and IHG MANAGEMENT (MARYLAND) LLC ("IHGM") (collectively, "Defendants") hereby remove the above-referenced action from the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. section 1332(d)(2), and state that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons.[1]

## BACKGROUND

1.      This removal involves an action filed on July 29, 2019, in the Superior Court of the State of California for the County of San Diego, entitled *Mallory Cavada v. Inter-Continental Hotels Group, Inc.*, *et al.*, Case No. 37-2019-00039279-CU-OE-CTL.

2.      In her Complaint, Mallory Cavada ("Plaintiff") purports to assert eight claims for relief stemming from her employment at the Staybridge Suites hotel in Rancho Bernardo, California.  Plaintiff alleges that Defendants failed to observe, as to herself and all non-exempt employees of Defendants in California, from July 29, 2015 to present, the requirements set forth in: [1] California Business & Professions Code section 17200 *et seq.* (unfair competition law); [2] California Labor Code ("Labor Code") sections 1194, 1197, and 1197.1 (regarding the payment of minimum wages); [3] Labor Code sections 510 *et seq.* (regarding the payment of overtime wages); [4] Labor Code sections 226.7 and 512 (regarding meal periods); [5] Labor Code section 226.7 (regarding rest breaks); [6] Labor Code section 2802 (regarding indemnification for business expenses); [7] Labor Code sections 226 (regarding failure to provide accurate wage statements); and [8] Labor Code sections 201-203 (regarding timely payment of final wages).

---

[1] Inter-Continental Hotels Group, Inc. is an improperly-named defendant, as it is not an InterContinental hotels entity, and is not an employer of any employee at Plaintiff's hotel or any Staybridge Suites or InterContinental hotels in California.

2

58714631v.1

**TIMELINESS OF REMOVAL**

3.　　On August 1, 2019, Defendant IHG MANAGEMENT (MARYLAND) LLC was served with the Summons and Complaint filed by Plaintiff, through its registered agent for service of process in California.  (Declaration of Robert Hadfield filed in Support of Notice of Removal ("Hadfield Decl.") at ¶ 16.  A true and correct copy of the Notice of Service of Process, showing an August 1, 2019 service date is attached hereto as Exhibit A.

4.　　On August 6, 2019, Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. and INTERCONTINENTAL HOTELS GROUP RESOURCES LLC were served with the Summons and Complaint filed by Plaintiff, through their registered agent for service of process in California. Hadfield Decl. at ¶ 17. A true and correct copy of the Notices of Service of Process, showing an August 6, 2019 service date are attached hereto as Exhibit B.

5.　　A true and correct copy of the Class Action Complaint, Civil Cover Sheet, Summons and all other papers received by Defendants in state court are attached hereto, collectively, as Exhibit C.

6.　　Defendants filed their Answer to the Complaint in the California State Superior Court, County of San Diego on August 30, 2019, a true and correct copy of which is attached hereto as Exhibit D.

7.　　This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by Defendants of a copy of a pleading, motion, order or other paper from which it may first be ascertained that this action is removable.  28 U.S.C. § 1446(b).

8.　　Defendants have not secured the consent of the "DOE" defendants before removing this action because they do not know the identity of the "DOE" defendants and have no reason to believe that any of them have been properly served or have voluntarily appeared in this action. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[u]nknown defendants sued as 'Does' need not be joined in a removal petition.").

3

58714631v.1

1    In addition, pursuant to CAFA, Defendants IHGR, IHGRLLC, and IHGM need not

2    obtain the consent of any other defendant to remove this action.  *See* 28 U.S.C. § 1453(b).

3    <u>**REMOVAL OF THIS ACTION IS APPROPRIATE UNDER CAFA**</u>

4          9.     This Court has original jurisdiction of this action under CAFA, codified in

5    pertinent part at 28 U.S.C. section 1332(d)(2).  As set forth below, this putative class

6    action is removable under 28 U.S.C. sections 1453 and 1446 as the action: [A] involves

7    100 or more putative class members; [B] at least one class member is a citizen of a state

8    different from that of at least one defendant; and [C] the amount in controversy exceeds

9    $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2) & (d)(6).

10        A.    **THIS ACTION INVOLVES 100 OR MORE PUTATIVE CLASS MEMBERS.**

11          10.    Plaintiff purports to bring this class action on behalf of a putative class of

12    employees, which she defines as: "all individuals who are or previously were employed

13    by Defendant Inter-Continental Hotels Group Inc. and/or Defendant IHG Management

14    Maryland LLC and/or Defendant InterContinental Hotels Group Resources LLC and/or

15    InterContinental Hotels Group Resources, Inc. in California and classified as non-exempt

16    employees (the "CALIFORNIA CLASS") at any time during the period beginning four

17    (4) years prior to the filing of this Complaint and ending on the date as determined by the

18    Court (the "CALIFORNIA CLASS PERIOD").  (Complaint ("Compl.") at ¶ 9, 24.)  As

19    such, this matter is a "class action" as that term is defined pursuant to 28 U.S.C. sections

20    1332(d)(1)(B) and 1453.

21          11.    The number of putative class members exceeds 100 persons, as required by

22    28 U.S.C. section 1332(d)(5)(B).  During the alleged class period (beginning on July 29,

23    2015), Defendants IHGR, IHGRLLC, and IHGM have employed roughly 629 non-

24    exempt employees in Staybridge Suites hotels in California (Hadfield Decl. at ¶ 5-7), and

25

26

27

28

4

58714631v.1

1    thus the number of putative class members easily exceeds CAFA's 100-person

2    threshold.[2]

3            **B.      THE PARTIES ARE SUFFICIENTLY DIVERSE.**

4            12.    CAFA requires only minimal diversity for the purpose of establishing

5    federal jurisdiction; at least one purported class member must be a citizen of a state

6    different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  Here, such minimal

7    diversity exists among the parties.  Plaintiff is a citizen of a state (California) different

8    from that of IHGR, IHGRLLC and IHGM (Delaware and Georgia).

9            13.    **Plaintiff's Citizenship**.  For purposes of determining diversity, a person is a

10   "citizen" of the state in which she or he is domiciled.  *Kantor v. Wellesley Galleries,*

11   *LDT.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity

12   purposes under federal common law a party must . . . be domiciled in the state.").

13   Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*,

14   19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile.").

15   Domicile for purposes of diversity is determined as of the time the lawsuit is filed.  *Lew*

16   *v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

17           14.    Plaintiff alleges she was employed at the Staybridge Suites hotel in the

18   Rancho Bernardo area of San Diego, California.  (Compl. at ¶ 7.).  Based on Defendant's

19   records, throughout the period of her employment, Plaintiff provided IHGR a home

20   address in Poway, California, and thus was a resident of California.  (Hadfield Decl. at ¶

21   10.)  Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated

22   that Plaintiff does not remain domiciled in California.  (Declaration of Eric E. Hill at ¶ 5.)

23

24   _____

25   [2] The relevant hotels, where employees are or have been employed by IHGR and
     IHGRLLC include: Staybridge Suites Chatsworth, Staybridge Suites San Diego Rancho
     Bernardo, Staybridge Suites San Diego Sorrento Mesa, Staybridge Suites San Francisco
26   Airport, Staybridge Suites San Jose, Staybridge Suites Sunnyvale, and Staybridge Suites
27   Torrance Redondo Beach. (Hadfield Decl. at ¶ 5). The hotels where employees are or
     have been employed by IHGM are the Staybridge Suites Anaheim and Staybridge Suites
28   Cathedral City Golf Resort - Palm Springs hotels. (Hadfield Decl. at ¶ 6).

5

1  Therefore, Plaintiff was at the time this action commenced, and still is a citizen of

2  California.

3    15.   **IHGR's and IHGRLLC's Citizenship**.   For diversity purposes, "an LLC

4  is a citizen of every state of which its owners/members are citizens." *Johnson v.*

5  *Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *NewGen LLC v. Safe*

6  *Cig., LLC*, 840 F.3d 606, 612 (9th Cir. 2016).   Moreover, for removal purposes, diversity

7  is determined at the time the lawsuit is filed.   *Grupo Dataflux v. Atlas Global Group*,

8  *L.P.*, 541 U.S. 567 ("[t]his Court has long adhered to the rule that subject-matter

9  jurisdiction in diversity cases depends on the state of facts that existed at the time of

10  filing").

11    16.   At the time of the filing of this action, and at all relevant times, IHGR and

12  IHGRLLC were citizens of a state other than California within the meaning of 28 U.S.C.

13  section 1332.  (Hadfield Decl. at ¶ 11-13.)   In January 2019, InterContinental Hotels

14  Group Resources, Inc. converted to a limited liability company, becoming

15  InterContinental Hotels Group Resources LLC.  (Hadfield Decl. at ¶ 11.)

16    17.   Defendant IHGR is now, and ever since this action commenced has been,

17  incorporated under the laws of the State of Delaware and, therefore, is a citizen of the

18  State of Delaware. (Hadfield Decl. ¶12.)  Defendant IHGRLLC is a Delaware Limited

19  Liability Company.[3]  (Hadfield Decl. ¶13.)  Defendants IHGR and IHGRLLC's principal

20  place of business is and has been in Atlanta, Georgia.  (Hadfield Decl. ¶¶12-13.)  From

21  the time Plaintiff was employed through the present, the majority of these Defendants'

22  corporate and administrative functions, including corporate finance and accounting, were

23  performed in Georgia, where Defendants' corporate headquarters is located.  (Hadfield

24  Decl. ¶11.)  Defendants' corporate officers maintain offices in Georgia, and a majority of

25  Defendants' corporate officers and directors work from their headquarters in Atlanta,

26  Georgia.  (Hadfield Decl. ¶12-13).  Accordingly, Defendants IHGR and IHGRLLC have

27  _____

28  [3] In January 2019, InterContinental Hotels Group Resources, Inc. became
InterContinental Hotels Group Resources LLC.  (Hadfield Decl. ¶11.).

6

been, at all relevant times, citizens of the States of Delaware and Georgia.  See *Hertz Corp.*, 559 U.S. at 92.  Defendants are not now, and were not at the time of the filing of the Complaint, citizens of the State of California.

18.    **IHGM's Citizenship**.  For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *NewGen LLC v. Safe Cig., LLC*, 840 F.3d 606, 612 (9th Cir. 2016).  Moreover, for removal purposes, diversity is determined at the time the lawsuit is filed.  *Grupo Dataflux v. Atlas Global Group*, *L.P.*, 541 U.S. 567 ("[t]his Court has long adhered to the rule that subject-matter jurisdiction in diversity cases depends on the state of facts that existed at the time of filing").

19.    At the time of the filing of this action, and at all relevant times, IHGM was a citizen of a state other than California within the meaning of 28 U.S.C. section 1332. (Hadfield Decl. at ¶ 14-15.)

20.    IHGM is a Maryland limited liability company. (Hadfield Decl. at ¶ 14.) The majority of IHGM's executive and administrative functions, including corporate finance and accounting, were performed in Georgia, where its corporate headquarters are located. (Hadfield Decl. at ¶ 15.)  IHGM's executive operations are managed from its Georgia headquarters, where the majority of its corporate officers maintain offices. (Hadfield Decl. at ¶ 15.)

21.    IHGM's sole member is IHGRLLC, a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  (Hadfield Decl. at ¶¶ 13, 15.) IHGRLLC's corporate officers maintain offices in Georgia, and a majority of its corporate officers and directors work from its headquarters in Georgia.  (*Id.*)

22.    Therefore, pursuant to 28 U.S.C. Section 1332, IHGM is a citizen of Delaware and Georgia for diversity purposes.

23.    **Doe Defendants' Citizenship Is Irrelevant**.  The citizenship of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332.  28 U.S.C. 1441(b)(1) ("In determining

7

whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."). Thus, the existence of Doe defendants 1 through 50 does not deprive this Court of jurisdiction.

### C.    THE AMOUNT IN CONTROVERSY MEETS THE CAFA THRESHOLD.

24.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual putative class members are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005). Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

25.    While Defendants specifically deny liability as to all of Plaintiff's claims, and specifically deny the appropriateness of the case proceeding as a class action, Defendants have a reasonable, good faith belief that the amount in controversy, as alleged and pled by Plaintiff, exceeds $5,000,000. All calculations in support of the amount in controversy analysis are based on the allegations in Plaintiff's Complaint and are not intended as an admission that any of those allegations have merit.

58714631v.1

26.     When, as here, damages are not specified in the state court complaint, the defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).  Because Plaintiff has not alleged her particular damages, reasonable estimates of the alleged amount in controversy are appropriate.  *See Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

27.     In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for statutory attorneys' fees should be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").  The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016, at *11 (E.D. Cal. 2011) (holding that, for purposes of removal, a court "must deal with what has actually been pled").

28.     The alleged amount in controversy in this action, in the aggregate, exceeds $5,000,000.  The Complaint seeks relief on behalf of all current and former non-exempt employees of DEFENDANTS in the State of California between July 29, 2015 and the present.  (Compl. at ¶ 9, 24.)  During the time period identified in the Complaint (July 29,

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

58714631v.1

1    2015 to the present day), IHGR, IHGRLLC, and IHGMM employed approximately 629

2    non-exempt employees in California.  (Hadfield Decl. ¶ 5-7.)[4]

3        29.    **Alleged Unpaid Overtime Compensation (Third Cause of Action)**:

4    Plaintiff alleges that she and the putative class members were not compensated for all

5    overtime hours worked as a result of Defendant's "uniform policy and practice that failed

6    to accurately record overtime worked" by Plaintiff and the putative class members.

7    (Compl. at ¶ 78.)  Plaintiff alleges that employees were "required, permitted or suffered

8    to work" and were "not paid for all the time they worked, including overtime work."

9    (Compl. at ¶ 77.)  Specifically, Plaintiff alleges she was required to work "while clocked

10   out during what was supposed to be PLAINTIFF's off-duty meal break," and that she and

11   "other CALIFORNIA CLASS Members forfeited minimum wage and overtime

12   compensation by regularly working without time being accurately recorded…. (Compl. at

13   ¶ 13.)   Plaintiff then alleges that "in committing these violations," Defendant

14   consequently underpaid the overtime worked by these employees. (Compl. at ¶ 79.)

15        30.     During the relevant time period identified in the Complaint, Defendants

16   IHGR, IHGRLLC, and IHGMM employed approximately 629 non-exempt employees in

17   California.  (Hadfield Decl. at ¶ 5-7.)  The average hourly rate of pay for these employees

18   during the relevant period is $14.31 per hour.  (Hadfield Decl. at ¶ 7.)  Given the dates of

19   service of the putative class members, these employees worked roughly 45,915

20   workweeks since July 29, 2015.  (*Id*. at ¶ 8.)  Assuming that Plaintiff alleges a very

21   conservative two hours of unpaid overtime per work week, the amount of alleged unpaid

22
23
24
25
26
27
28

---

[4] All calculations supporting the amount in controversy are based on the Complaint's
allegations (along with other documents as identified herein and in the Declaration of
Robert Hadfield), assuming, without any admission, the truth of any of the allegations,
and assuming liability (which is disputed) could be established.  Likewise, these
calculations are based on the putative class alleged in the Complaint and in no way
indicate that such class actually exists or would meet the requirements set forth in Fed. R.
Civ. P. 23.  Defendants expressly reserve the right to challenge Plaintiff's claims, class
definition and calculation of damages in all respects.  However, for purposes of this
Notice of Removal, Defendants base their calculations on the allegations, facts and class
definition contained in the Complaint as well as other documents identified herein.

10

1    overtime Plaintiff seeks on behalf of the putative class is roughly $1,971,130.  ($14.31 X

2    1.5 X 2 hours X 45,915 workweeks = $1,971,130).  Based on the allegations in the

3    Complaint that employees were required to work during their meal breaks, an assumption

4    of two hours of alleged unpaid overtime per week, per employee, is entirely reasonable.

5         31.    **Alleged Meal Period Compensation (Fourth Cause of Action).**  Plaintiff

6    alleges that Defendants "failed to provide all the legally require off-duty meal breaks" to

7    Plaintiff and other putative class members.  (Compl. at ¶ 89.)  Plaintiff alleges that "as a

8    result of their rigorous work schedules" employees were "from time to time not fully

9    relieved of duty by DEFENDANT for their meal periods." (Compl. at ¶ 89.) Further,

10   Plaintiff alleges that Defendant failed to provide employees with a "second off-duty meal

11   period in some workdays in which these employees were required … to work ten (10)

12   hours of work."  Plaintiff alleges that, therefore, employees "forfeited meal breaks

13   without additional compensation and in accordance with Defendant's strict corporate

14   policy and practice.  (*Id*. at  ¶ 89.)

15        32.    Plaintiff alleges that "as a matter of company policy, practice and

16   procedure,… intentionally, knowingly, and willfully, engaged in a practice whereby

17   DEFENDANT *systematically* failed to record all meal and rest breaks missed by

18   PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT

19   enjoyed the benefit of this work, required employees to perform this work and permits or

20   suffers to permit this work." (emphasis added) (Compl. at ¶ 26.)  Plaintiff further alleges

21   that "DEFENDANT…, as a matter of *uniform and systematic policy* and procedure failed

22   to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in

23   place a policy or practice to ensure that each and every CALIFORNIA CLASS Member

24   is paid as required by law." (emphasis added) (Compl. at ¶ 27.)

25        33.    Based on these allegations of a policy and practice of failing to provide meal

26   breaks, it is reasonable to assume that Plaintiff is alleging two meal break violations per

27   workweek.  During the relevant time period identified in the Complaint, Defendants

28   IHGR, IHGRLLC, and IHGMM employed approximately 629 non-exempt employees in

58714631v.1

1  California, who worked approximately 45,915 workweeks during the relevant period.

2  (Hadfield Decl. at ¶ 5-8.)  Given the dates of service of the putative class members and

3  the average hourly rate of $14.31 (Hadfield Decl. at ¶ 7), and assuming two meal break

4  violations per week for each employee, the amount of alleged unpaid meal break

5  premiums Plaintiff seeks on behalf of the putative class is $1,314,087 ($14.31 X 2 X

6  45,915 = $1,314,087).

7      34.    **Alleged Rest Period Compensation (Fifth Cause of Action) .**  Plaintiff

8  alleges that employees were "required to work in excess of four (4) hours without being

9  provided ten (10) minute rest periods. (Compl. at ¶ 93.)  Plaintiff alleges that as a result

10 of rigorous work schedules, employees were "periodically denied their proper rest

11 periods." (*Id*.)  Plaintiff alleges that Defendant also failed to pay employees one

12 additional hour of compensation at each employee's regular rate of pay for each workday

13 that a rest period was not provided.  (*Id*. at ¶ 94).

14     35.    Plaintiff alleges that "as a matter of company policy, practice and

15 procedure,… intentionally, knowingly, and willfully, engaged in a practice whereby

16 DEFENDANT *systematically* failed to record all meal and rest breaks missed by

17 PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT

18 enjoyed the benefit of this work, required employees to perform this work and permits or

19 suffers to permit this work." (emphasis added) (Compl. at ¶ 26.)  Plaintiff further alleges

20 that "DEFENDANT…, as a matter of *uniform and systematic policy* and procedure failed

21 to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in

22 place a policy or practice to ensure that each and every CALIFORNIA CLASS Member

23 is paid as required by law." (emphasis added) (Compl. at ¶ 27.)

24     36.    Based on these allegations of a policy and practice of failing to provide rest

25 breaks and regular violations, it is reasonable to assume that Plaintiff is alleging two rest

26 break violations per work week.  During the relevant time period identified in the

27 Complaint, Defendants IHGR, IHGRLLC, and IHGMM employed approximately 629

28 non-exempt employees in California, who worked approximately 45,915 workweeks

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

58714631v.1

1  during the relevant period.  (Hadfield Decl. at ¶ 5-8.)  Given the dates of service of the

2  putative class members and the average hourly rate of $14.31 (Hadfield Decl. at ¶ 7), and

3  assuming two rest break violations per week for each employee, the amount of alleged

4  unpaid rest break premiums Plaintiff seeks on behalf of the putative class is $1,314,087

5  ($14.31 X 2 X 45,915 = $1,314,087).

6      37.    **Alleged Unreimbursed Business Expenses (Sixth Cause of Action**)

7  Plaintiff alleges that "as a matter of corporate policy, practice and procedure"

8  DEFENDANT "failed to reimburse and indemnify PLAINTIFF and other CALIFORNIA

9  CLASS Members for required business expenses incurred…in direct consequence of

10  discharging their duties on behalf of DEFENDANT."  (Compl. at ¶ 16.)  Specifically,

11  Plaintiff alleges that employees were required to "use their own personal cellular phones

12  as a result of and in furtherance of their job duties as employees… but were not

13  reimbursed or indemnified by DEFENDANT for the cost associated with the use of their

14  personal cellular phones for DEFENDANT's benefit." (Compl. at ¶ 17.)

15      38.    Based on these allegations of a policy and practice of failing to reimburse

16  employees for personal cellular phone expenses, it is reasonable to assume that Plaintiff

17  is alleging unreimbursed phone expenses of $20 per month per employee.  During the

18  relevant time period identified in the Complaint, Defendants IHGR, IHGRLLC, and

19  IHGMM employed approximately 629 non-exempt employees in California, who worked

20  approximately 45,915 workweeks during the relevant period.  (Hadfield Decl. at ¶ 5-8.)

21  Assuming there are roughly 4 workweeks in every month, these employees worked a

22  total of roughly 11,478 months during the relevant period.  Given the dates of service of

23  the putative class members, and assuming alleged unreimbursed expenses of $20 per

24  month for 11,478 months, the amount of alleged unreimbursed expenses Plaintiff seeks

25  on behalf of the putative class is $229,560.  (11,478 months X $20 per month =

26  $229,560).

27      39.    **Wage Statement Penalties (Seventh Cause of Action**)  Plaintiff alleges

28  that when employees were required to miss meal and rest break, DEFENDANT also

13

58714631v.1

failed to provide them with "complete and accurate wage statements which failed to show, among other things, the correct wages paid for missed meal and rest breaks." (Compl. at ¶ 18.)  Plaintiff also alleges that "the wage statements DEFENDANT issued to PLAINTIFF and other CALIFORNIA CLASS Members violated Cal. Lab. Code Section 226(a) in that DEFENDANT failed to correctly list the correct name of the legal entity that was the employer of PLAINTIFF and the CALIFORNIA CLASS Members." (Compl. at ¶ 18.)

40.    Based on Plaintiff's allegation that every wage statement issued to PLAINTIFF and the CALIFORNIA CLASS Members violated Labor Code Section 226 (a), Plaintiff seeks wage statement penalties up to a maximum of $4,000 per employee. Under Labor Code Section 226(e), the alleged penalties sought by Plaintiff are $50 for the initial pay period and $100 for each subsequent pay period.  Cal. Lab. Code Section 226(e); Compl. At ¶ 103.  Between July 29, 2018 and August 28, 2019, 351 non-exempt employees worked a total of 7,011 pay periods at the 9 above-listed Staybridge Suites hotels. (Hadfield Decl. at ¶ 8).  Based on the 7,011 pay periods worked during the relevant alleged one-year statute of limitations period, the employees worked a total of 351 initial pay periods, and 6,660 subsequent pay period, for a total of $677,550 in alleged wage statement penalties. (351 X $50 + 6,600 X $100 = $677,550).

41.    **Alleged Waiting Time Penalties (Eighth Cause of Action)**:  Although the foregoing alone establishes that the amount in controversy exceeds $5 million, Plaintiff also seeks damages for alleged violations of Labor Code Section 203, for failure to pay employees all wages due and payable at the time of termination of employment.  (Compl. at ¶¶ 104-111.)  Plaintiff alleges that the employment of Plaintiff and many other employees has terminated and yet Defendants have "not tendered payment of wages, to these employees who missed meal and rest breaks, as required by law." (Compl. at ¶¶ 110.)  Plaintiff seeks waiting time penalties on behalf of all former employee putative

14

58714631v.1

1   class members whose employment was terminated during the three-year statutory period,

2   in the amount of up to 30 days' pay.  (*Id.* ¶ 104-111.)[5]

3        42.    During the relevant three-year statutory period (starting July 29, 2016), 288

4   non-exempt employees have quit or been terminated from relevant  hotels in California.

5   (Hadfield Decl. at ¶ 9.)  Applying the average hourly rate of $14.31, and accepting

6   Plaintiff's contention that they are entitled to 30 days of pay in penalties (i.e., 240 hours

7   of pay (30 days times 8 hours)), the amount in controversy for the waiting time penalties

8   is roughly $989,107.  ($14.31 X 8 hrs. X 30 days X 288 employees = $989,107). The

9   standard work day for nearly all of Defendants' non-exempt employees is and has been

10   eight hours.  (*Id at* ¶ 18.)

11        43.    **Attorneys' Fees**:  The Complaint also alleges that putative class members

12   are entitled to recover attorneys' fees.  (Compl., Prayer for Relief at ¶ 3.C.)  Requests for

13   attorneys' fees should be taken into account in ascertaining the amount in controversy.

14   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[w]here an

15   underlying statute authorizes an award of attorneys' fees, either with mandatory or

16   discretionary language, such fees may be included in the amount in controversy.").

17        44.    Based on the above calculations, the total amount in controversy based on

18   the claims alleged in Plaintiff's Complaint is roughly $6,495,521.00, not including

19   attorneys' fees ($1,971,130.00 in alleged overtime, $1,314,087.00 in alleged meal break

20   premiums, $1,314,087.00 in alleged rest break premiums, $229,560.00 in alleged

21   unreimbursed expenses, $677,550.00 in alleged wage statement penalties and $989,107 in

22   alleged waiting time penalties.)

23        45.    Thus, although Defendants deny Plaintiff's allegations that she or any

24   putative class member is entitled to the relief sought in the Complaint, the amount in

25

26   [5] The statute of limitations for a Section 203 claim is 3 years.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to

27   an employee who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, … three years to sue for the unpaid final wages giving rise to

28   the penalty").

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

58714631v.1

1  controversy easily exceeds the $5,000,000 threshold set forth in 28 U.S.C. section

2  1332(d)(2).

3      46.    Because diversity of citizenship exists–Plaintiff being a citizen of California,

4  and Defendants being citizens of Delaware and Georgia—and because the amount in

5  controversy in this putative class action exceeds $5,000,000, this Court has original

6  jurisdiction pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore proper for

7  removal to this Court.

8  **VENUE**

9      47.    Venue lies in the United States District Court for the Southern District of

10  California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a).  This action originally

11  was brought in the Superior Court of the State of California, County of San Diego, which

12  is located within the Southern District.  Therefore, the action is properly removed to this

13  Court because it is the "district and division embracing the place where such action is

14  pending."  28 U.S.C. § 1441(a).

15  **NOTICE OF REMOVAL**

16      48.    A true and correct copy of this Notice of Removal will be promptly served

17  on Plaintiff and filed with the Clerk of the Superior Court of the State of California for

18  the County of San Diego, as required under 28 U.S.C. § 1446(d).

19      49.    In compliance with 28 U.S.C. section 1446(a), Defendants have attached a

20  copy of the state court papers served herein.  *See* Exhibits C & D (the Complaint &

21  Summons, and Defendant's Answer, respectively).  No other pleadings have been served

22  by the parties.  (Hill Decl. at ¶ 3).

26  ///

27  ///

16

1    WHEREFORE, Defendants pray that the above action pending before the Superior

2  Court of the State of California for the County of San Diego be removed to this Court.

3  DATED: September 3, 2019                    Respectfully submitted,

4                                             SEYFARTH SHAW LLP

5

6                                             By: /s/ Eric E. Hill
                                                    Michael J. Burns
7                                                   Eric E. Hill
                                                  Attorneys for Defendants
8                                             INTERCONTINENTAL HOTELS
                                              GROUP, INC,; IHG MANAGEMENT
9                                             (MARYLAND) LLC; and
                                              INTERCONTINENTAL HOTELS
10                                            GROUP RESOURCES LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        17

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

58714631v.1