EXHIBIT  C

EXHIBIT  C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTER-CONTINENTAL HOTELS GROUP, INC., a Corporation; IHG MANAGEMENT MARYLAND LLC, a Limited Liability Company; INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., a Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MALLORY CAVADA, an individual, on behalf of herself and on behalf of all persons similarly situated,

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/29/2019** at 12:12:36 PM

Clerk of the Superior Court
By Maria Acevedo, Deputy Clerk

</td>
</tr>
</table>

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.<br>    You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.<br>    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.<br>*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*<br>    *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*<br>    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.* |

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
Central
330 W. Broadway, San Diego, CA 92101

</td>
<td>

CASE NUMBER:
*(Número del Caso):*

37-2019-00039279-CU-OE-CTL

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal   (Bar # 68687)                                    Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP                Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

| DATE:<br>*(Fecha)* 07/30/2019 | Clerk, by<br>*(Secretario)* | *M. Acevedo* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr>
<td>

[SEAL]

</td>
<td>

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* IHG MANAGEMENT MARYLAND LLC

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/1/19

</td>
</tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> INTER-CONTINENTAL HOTELS GROUP, INC., a Corporation; IHG MANAGEMENT MARYLAND LLC, a Limited Liability Company; INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., a Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> MALLORY CAVADA, an individual, on behalf of herself and on behalf of all persons similarly situated, | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> **07/29/2019** at 12:12:38 PM <br><br> Clerk of the Superior Court <br> By Maria Acevedo,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO <br> Central <br> 330 W. Broadway, San Diego, CA 92101 | CASE NUMBER: <br> *(Número del Caso):* <br> 37-2019-00039279-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE: 07/30/2019    Clerk, by *M. Acevedo* , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov <br> *LexisNexis® Automated California Judicial Council Forms* |

1   **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
2      Norman B. Blumenthal (State Bar #068687)
   Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
La Jolla, CA 92037
4   Telephone: (858)551-1223
Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiff

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **IN AND FOR THE COUNTY OF SAN DIEGO**

9

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**07/29/2019** at 12:12:36 PM
Clerk of the Superior Court
By Maria Acevedo, Deputy Clerk

| | |
|---|---|
| 10   MALLORY CAVADA, an individual, on behalf of herself and on behalf of all persons similarly situated, <br><br> 13   Plaintiff, <br><br> 14   vs. <br><br> 15   INTER-CONTINENTAL HOTELS GROUP, INC., a Corporation; IHG MANAGEMENT MARYLAND LLC, a Limited Liability Company; INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., a Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 37-2019-00039279-CU-OE-CTL <br><br> **CLASS ACTION COMPLAINT FOR:** <br> 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; <br> 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; <br> 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*; <br> 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 6. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; <br> 7. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and, <br> 8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203. <br><br> **DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

Plaintiff Mallory Cavada ("PLAINTIFF") an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

### THE PARTIES

1.    Defendant Inter-Continental Hotels Group, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.    Defendant IHG Management Maryland LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

3.    Defendant Intercontinental Hotels Group Resources, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

4.    Defendant Intercontinental Hotels Group Resources, LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

5.    Defendants Inter-Continental Hotels Group, Inc., IHG Management Maryland LLC, Intercontinental Hotels Group Resources, Inc., and Intercontinental Hotels Group Resources, LLC were the joint employers of PLAINTIFF as evidenced by paychecks and by the company PLAINTIFF performed work for, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as DEFENDANT.

6.    DEFENDANT owns and operates hotels in California.

7.    PLAINTIFF was employed by DEFENDANT from October of 2017 to September of 2018 as a Front Desk Agent and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked. Plaintiff was

employed by DEFENDANT at the Staybridge Suites in the Rancho Bernardo area of San Diego.

8.     Throughout this Complaint, the claims of employees which were released by the *Akli Merzouki v. IHG Management Maryland LLC; Intercontinental Hotels Group* settlement; Case No. BC685729 (Los Angeles County Superior Court) are excluded and such claims are not being raised by this action.

9.     PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by Defendant Inter-Continental Hotels Group, Inc. and/or Defendant IHG Management Maryland LLC and/or Defendant Intercontinental Hotels Group Resources, LLC and/or Intercontinental Hotels Group Resources, Inc. in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

10.     PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees. DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

11.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant

CLASS ACTION COMPLAINT

to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

12.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

13.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANT's control. Specifically, DEFENDANT required, permitted or suffered PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments. Indeed there were many days where PLAINTIFF did not even receive a partial lunch. As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by regularly working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime

4

rates. DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANT's business records.

14.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

15.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

16.    DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging

their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

17.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cell phones in order to clock in and out for work, as well as for other work related issues.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

18.     When PLAINTIFF and other CALIFORNIA CLASS Members were required to miss meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct wages paid for missed meal and rest breaks. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Additionally, the wage statements DEFENDANT issued to PLAINTIFF and other CALIFORNIA CLASS Members violated Cal. Lab. Code Section 226(a) in that DEFENDANT failed to correctly list the correct name of the legal entity

6

that was the employer of PLAINTIFF and the CALIFORNIA CLASS Members. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

19.   In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment for all time worked as required by California law which allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

20.   By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record all missed meal and rest periods by PLAINTIFF and other CALIFORNIA CLASS Members. The proper recording of these employees' missed meal and rest breaks is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

21.   Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to her as required by the applicable Wage Order and Labor Code and failed to pay her all minimum and overtime wages due to her. DEFENDANT

1  did not have a policy or practice which provided timely off-duty meal and rest breaks to

2  PLAINTIFF and also failed to compensate PLAINTIFF for her missed meal and rest breaks.

3  The nature of the work performed by the PLAINTIFF did not prevent her from being relieved

4  of all of her duties for the legally required off-duty meal periods. As a result, DEFENDANT's

5  failure to provide PLAINTIFF with the legally required meal periods is evidenced by

6  DEFENDANT's business records. As a result of DEFENDANT not accurately recording all

7  missed meal and rest periods and/or minimum and overtime wages due, the wage statements

8  issued to PLAINTIFF by DEFENDANT violated California law, and in particular, Labor Code

9  Section 226(a). To date, DEFENDANT has yet to pay PLAINTIFF all of her wages due to her

10 and DEFENDANT has failed to pay any penalty wages owed to her under California Labor

11 Code Section 203. The amount in controversy for PLAINTIFF individually does not exceed

12 the sum or value of $75,000.

14  **JURISDICTION AND VENUE**

15    22.    This Court has jurisdiction over this Action pursuant to California Code of Civil

16 Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

17 action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

18 of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

19    23.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

20 Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT, resides

21 in this County, and DEFENDANT (i) currently maintains and at all relevant times maintained

22 offices and facilities in this County and/or conducts substantial business in this County, and (ii)

23 committed the wrongful conduct herein alleged in this County against members of the

24 CALIFORNIA CLASS.

26  **THE CALIFORNIA CLASS**

27    24.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

28 Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

8

CLASS ACTION COMPLAINT

Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Defendant Inter-Continental Hotels Group, Inc. and/or Defendant IHG Management Maryland LLC and/or Defendant Intercontinental Hotels Group Resources, LLC and/or Intercontinental Hotels Group Resources, Inc. in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

25.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

26.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

27.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

1       28.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

2   CLASS Members is impracticable.

3       29.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

4   California law by:

5           (a)    Committing an act of unfair competition in violation of, Cal. Bus. & Prof.

6                  Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or

7                  deceptively having in place company policies, practices and procedures

8                  that uniformly and systematically failed to record and pay PLAINTIFF

9                  and the other members of the CALIFORNIA CLASS for all time worked,

10                  including minimum wages owed and overtime wages owed for work

11                  performed by these employees;

12           (b)    Committing an act of unfair competition in violation of the UCL, by

13                  failing to provide the PLAINTIFF and the other members of the

14                  CALIFORNIA CLASS with the legally required meal and rest periods;

15                  and,

16           (c)    Committing an act of unfair competition in violation of the California

17                  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

18                  violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

19                  the CALIFORNIA CLASS members with necessary expenses incurred in

20                  the discharge of their job duties.

21       30.    This Class Action meets the statutory prerequisites for the maintenance of a Class

22   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

23           (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

24                  that the joinder of all such persons is impracticable and the disposition of

25                  their claims as a class will benefit the parties and the Court;

26           (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

27                  that are raised in this Complaint are common to the CALIFORNIA

28                  CLASS will apply uniformly to every member of the CALIFORNIA

1    CLASS;

2    (c)    The claims of the representative PLAINTIFF are typical of the claims of

3    each member of the CALIFORNIA CLASS. PLAINTIFF, like all the

4    other members of the CALIFORNIA CLASS, was classified as a non-

5    exempt employee paid on an hourly basis who was subjected to the

6    DEFENDANT's deceptive practice and policy which failed to provide the

7    legally required meal and rest periods to the CALIFORNIA CLASS and

8    thereby systematically underpaid compensation to PLAINTIFF and

9    CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a

10    result of DEFENDANT's employment practices. PLAINTIFF and the

11    members of the CALIFORNIA CLASS were and are similarly or

12    identically harmed by the same unlawful, deceptive, unfair and pervasive

13    pattern of misconduct engaged in by DEFENDANT; and,

14    (d)    The representative PLAINTIFF will fairly and adequately represent and

15    protect the interest of the CALIFORNIA CLASS, and has retained

16    counsel who are competent and experienced in Class Action litigation.

17    There are no material conflicts between the claims of the representative

18    PLAINTIFF and the members of the CALIFORNIA CLASS that would

19    make class certification inappropriate. Counsel for the CALIFORNIA

20    CLASS will vigorously assert the claims of all CALIFORNIA CLASS

21    Members.

22    31.    In addition to meeting the statutory prerequisites to a Class Action, this action is

23    properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

24    (a)    Without class certification and determination of declaratory, injunctive,

25    statutory and other legal questions within the class format, prosecution of

26    separate actions by individual members of the CALIFORNIA CLASS will

27    create the risk of:

28    1)    Inconsistent or varying adjudications with respect to individual

11

members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in

12

CLASS ACTION COMPLAINT

individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

13

32. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

14

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

34.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by Defendant Inter-Continental Hotels Group, Inc. and/or Defendant IHG Management Maryland LLC and/or Defendant Intercontinental Hotels Group Resources, LLC and/or Intercontinental Hotels Group Resources, Inc. in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

35.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

15

1    requirements, and the applicable provisions of California law, intentionally, knowingly, and

2    wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate

3    compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA

4    LABOR SUB-CLASS and reporting time wages owed to these employees, even though

5    DEFENDANT enjoyed the benefit of this work, required employees to perform this work and

6    permitted or suffered to permit this work.  DEFENDANT has uniformly denied these

7    CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled

8    in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling

9    operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

10    CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

11        36.    DEFENDANT maintains records from which the Court can ascertain and identify

12    by name and job title, each of DEFENDANT's employees who have been systematically,

13    intentionally and uniformly subjected to DEFENDANT's company policy, practices and

14    procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include

15    any additional job titles of similarly situated employees when they have been identified.

16        37.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

17    CALIFORNIA LABOR SUB-CLASS Members is impracticable.

18        38.    Common questions of law and fact exist as to members of the CALIFORNIA

19    LABOR SUB-CLASS, including, but not limited, to the following:

20            (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

21                compensation due to members of the CALIFORNIA LABOR SUB-

22                CLASS for missed meal and rest breaks in violation of the California

23                Labor Code and California regulations and the applicable California Wage

24                Order;

25            (b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

26                members of the CALIFORNIA LABOR SUB-CLASS with accurate

27                itemized wage statements;

28            (c)    Whether DEFENDANT has engaged in unfair competition by the

16

1     above-listed conduct;

2     (d)   The proper measure of damages and penalties owed to the members of the

3           CALIFORNIA LABOR SUB-CLASS; and,

4     (e)   Whether DEFENDANT's conduct was willful.

5     39.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

6     under California law by:

7     (a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to correctly pay the

8           PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

9           CLASS all wages due for overtime worked, for which DEFENDANT is

10          liable pursuant to Cal. Lab. Code § 1194;

11    (b)   Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

12          accurately pay PLAINTIFF and the members of the CALIFORNIA

13          LABOR SUB-CLASS the correct minimum wage pay for which

14          DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

15    (c)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

16          members of the CALIFORNIA LABOR SUB-CLASS with an accurate

17          itemized statement in writing showing the corresponding correct amount

18          of wages earned by the employee;

19    (d)   Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

20          PLAINTIFF and the other members of the CALIFORNIA CLASS with

21          all legally required off-duty, uninterrupted thirty (30) minute meal breaks

22          and the legally required off-duty rest breaks; and,

23    (e)   Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

24          the CALIFORNIA CLASS members with necessary expenses incurred in

25          the discharge of their job duties; and,

26    (f)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

27          when an employee is discharged or quits from employment, the employer

28          must pay the employee all wages due without abatement, by failing to

17

1    tender full payment and/or restitution of wages owed or in the manner

2    required by California law to the members of the CALIFORNIA LABOR

3    SUB-CLASS who have terminated their employment.

4        40.   This Class Action meets the statutory prerequisites for the maintenance of a Class

5 Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

6        (a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

7    so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

8    Members is impracticable and the disposition of their claims as a class

9    will benefit the parties and the Court;

10       (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues

11   that are raised in this Complaint are common to the CALIFORNIA

12   LABOR SUB-CLASS and will apply uniformly to every member of the

13   CALIFORNIA LABOR SUB-CLASS;

14       (c)   The claims of the representative PLAINTIFF are typical of the claims of

15   each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

16   like all the other members of the CALIFORNIA LABOR SUB-CLASS,

17   was a non-exempt employee paid on an hourly basis who was subjected

18   to the DEFENDANT's practice and policy which failed to pay the correct

19   amount of wages due to the CALIFORNIA LABOR SUB-CLASS.

20   PLAINTIFF sustained economic injury as a result of DEFENDANT's

21   employment practices.  PLAINTIFF and the members of the

22   CALIFORNIA LABOR SUB-CLASS were and are similarly or

23   identically harmed by the same unlawful, deceptive, unfair and pervasive

24   pattern of misconduct engaged in by DEFENDANT; and,

25       (d)   The representative PLAINTIFF will fairly and adequately represent and

26   protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

27   retained counsel who are competent and experienced in Class Action

28   litigation.  There are no material conflicts between the claims of the

CLASS ACTION COMPLAINT

representative PLAINTIFF and the members of the CALIFORNIA
LABOR SUB-CLASS that would make class certification inappropriate.
Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously
assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

41.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

19

violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class

20

| | |
|---|---|
| 1 | Action is the only means to assert their claims through a |
| 2 | representative; and, |
| 3 | 4) A class action is superior to other available methods for the fair |
| 4 | and efficient adjudication of this litigation because class treatment |
| 5 | will obviate the need for unduly and unnecessary duplicative |
| 6 | litigation that is likely to result in the absence of certification of |
| 7 | this action pursuant to Cal. Code of Civ. Proc. § 382. |

42. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    (b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

    (c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

    (d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon

21

1        the CALIFORNIA LABOR SUB-CLASS;

2    (f)    There is a community of interest in ensuring that the combined assets of

3        DEFENDANT are sufficient to adequately compensate the members of

4        the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

5    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

6        to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

7        wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

8        CLASS as a whole;

9    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

10        ascertainable from the business records of DEFENDANT.    The

11        CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

12        CLASS Members who worked for DEFENDANT in California at any

13        time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

14    (i)    Class treatment provides manageable judicial treatment calculated to bring

15        a efficient and rapid conclusion to all litigation of all wage and hour

16        related claims arising out of the conduct of DEFENDANT as to the

17        members of the CALIFORNIA LABOR SUB-CLASS.

18

19            **FIRST CAUSE OF ACTION**

20            **For Unlawful Business Practices**

21            **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

22    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

23        43.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

24    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

25    Complaint.

26        44.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

27    Code § 17021.

28        45.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

22

1  unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

2  17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

3  competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

8  Cal. Bus. & Prof. Code § 17203.

9      46.    By the conduct alleged herein, DEFENDANT has engaged and continues to

10  engage in a business practice which violates California law, including but not limited to, the

11  applicable Industrial Wage Order(s), the California Code of Regulations and the California

12  Labor Code including Sections 204, 210, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198 &

13  2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal.

14  Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to

15  constitute unfair competition, including restitution of wages wrongfully withheld.

16      47.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

17  unfair in that these practices violate public policy, were immoral, unethical, oppressive,

18  unscrupulous or substantially injurious to employees, and were without valid justification or

19  utility for which this Court should issue equitable and injunctive relief pursuant to Section

20  17203 of the California Business & Professions Code, including restitution of wages wrongfully

21  withheld.

22      48.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

23  fraudulent in that DEFENDANT's uniform policy and practice failed to provide the legally

24  mandated meal and rest periods, the required amount of compensation for missed meal and rest

25  periods and overtime and minimum wages owed, and failed to reimburse al necessary business

26  expenses incurred, due to a systematic business practice that cannot be justified, pursuant to the

27  applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal.

28  Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable

1    relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully

2    withheld.

3        49.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

4    unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

5    other members of the CALIFORNIA CLASS to be underpaid during their employment with

6    DEFENDANT.

7        50.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

8    unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed

9    to provide all legally required meal breaks to PLAINTIFF and the other members of the

10   CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

11       51.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

12   CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

13   meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

14   for each workday in which a second off-duty meal period was not timely provided for each ten

15   (10) hours of work.

16       52.    PLAINTIFF further demands on behalf of herself and each member of the

17   CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off

18   duty paid rest period was not timely provided as required by law.

19       53.    By and through the unlawful and unfair business practices described herein,

20   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

21   other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

22   has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

23   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

24   to unfairly compete against competitors who comply with the law.

25       54.    All the acts described herein as violations of, among other things, the Industrial

26   Welfare Commission Wage Orders, the California Code of Regulations, and the California

27   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

28   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

1    deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

2        55.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

3    and do, seek such relief as may be necessary to restore to them the money and property which

4    DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

5    CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

6    unfair business practices, including earned but unpaid wages for all time worked.

7        56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

8    entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

9    and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

10   engaging in any unlawful and unfair business practices in the future.

11       57.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

12   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

13   of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

14   As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

15   other members of the CALIFORNIA CLASS have suffered and will continue to suffer

16   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

17   engage in these unlawful and unfair business practices.

18

19   **SECOND CAUSE OF ACTION**

20   **For Failure To Pay Minimum Wages**

21   **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

22   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

23   **and Against All Defendants)**

24       58.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

25   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

26   paragraphs of this Complaint.

27       59.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

28   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

25

1  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

2  accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS

3  Members.

4      60.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

5  public policy, an employer must timely pay its employees for all hours worked.

6      61.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

7  commission is the minimum wage to be paid to employees, and the payment of a less wage than

8  the minimum so fixed in unlawful.

9      62.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

10  including minimum wage compensation and interest thereon, together with the costs of suit.

11      63.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

12  the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

13  amount of time they work. As set forth herein, DEFENDANT's uniform policy and practice

14  was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the

15  other members of the CALIFORNIA LABOR SUB-CLASS.

16      64.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

17  without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

18  result of implementing a uniform policy and practice that denies accurate compensation to

19  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to

20  minimum wage pay.

21      65.    In committing these violations of the California Labor Code, DEFENDANT

22  inaccurately calculated the correct time worked and consequently underpaid the actual time

23  worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

24  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

25  benefits in violation of the California Labor Code, the Industrial Welfare Commission

26  requirements and other applicable laws and regulations.

27      66.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

28  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

26

1  receive the correct minimum wage compensation for their time worked for DEFENDANT.

2  67.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

3  required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

4  Members to work without paying them for all the time they were under DEFENDANT's

5  control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

6  members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they

7  were entitled to, constituting a failure to pay all earned wages.

8  68.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

9  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

10  CLASS for the true time they worked, PLAINTIFF and the other members of the

11  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

12  injury in amounts which are presently unknown to them and which will be ascertained

13  according to proof at trial.

14  69.    DEFENDANT knew or should have known that PLAINTIFF and the other

15  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

16  worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

17  nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

18  practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

19  pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

20  correct minimum wages for their time worked.

21  70.    In performing the acts and practices herein alleged in violation of California labor

22  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

23  all time worked and provide them with the requisite compensation, DEFENDANT acted and

24  continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

25  members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

26  their legal rights, or the consequences to them, and with the despicable intent of depriving them

27  of their property and legal rights, and otherwise causing them injury in order to increase

28  company profits at the expense of these employees.

71.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

72.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

73.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

74.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

CLASS ACTION COMPLAINT

75. Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

76. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

77. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

78. DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

79. In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

80. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

29

CLASS ACTION COMPLAINT

1  receive full compensation for overtime worked.

2      81.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

3  from the overtime requirements of the law. None of these exemptions are applicable to the

4  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further,

5  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

6  subject to a valid collective bargaining agreement that would preclude the causes of action

7  contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of herself

8  and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-

9  negotiable, non-waiveable rights provided by the State of California.

10     82.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

11  other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime

12  worked that they are entitled to, constituting a failure to pay all earned wages..

13     83.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members

14  of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which

15  was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

16  1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR

17  SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT

18  failed to accurately record and pay as evidenced by DEFENDANT's business records and

19  witnessed by employees.

20     84.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

21  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

22  CLASS for the true amount of time they worked, PLAINTIFF and the other members of the

23  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

24  injury in amounts which are presently unknown to them and which will be ascertained

25  according to proof at trial.

26     85.    DEFENDANT knew or should have known that PLAINTIFF and the other

27  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime

28  worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

30

1  nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

2  practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

3  pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for

4  overtime worked.

5      86.   In performing the acts and practices herein alleged in violation of California labor

6  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

7  all overtime worked and provide them with the requisite overtime compensation, DEFENDANT

8  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

9  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

10  disregard for their legal rights, or the consequences to them, and with the despicable intent of

11  depriving them of their property and legal rights, and otherwise causing them injury in order

12  to increase company profits at the expense of these employees.

13      87.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

14  therefore request recovery of all overtime wages, according to proof, interest, statutory costs,

15  as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

16  by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or

17  overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS

18  Members who have terminated their employment, DEFENDANT's conduct also violates Labor

19  Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time

20  penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

21  CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

22  was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

23  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

24  ///

25  ///

26  ///

27  ///

28  ///

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

88.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

89.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS does not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records. . Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

90.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for

1  each workday that a meal period was not provided.

2       91.   As a proximate result of the aforementioned violations, PLAINTIFF and

3  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

4  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

5  suit.

6

7                    **FIFTH CAUSE OF ACTION**

8              **For Failure to Provide Required Rest Periods**

9                **[Cal. Lab. Code §§ 226.7 & 512 ]**

10  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

11                         **Defendants)**

12       92.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

13  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

14  of this Complaint.

15       93.   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

16  time to time required to work in excess of four (4) hours without being provided ten (10) minute

17  rest periods.  Further, these employees were denied their first rest periods of at least ten (10)

18  minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest

19  period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,

20  and a first, second and third rest period of at least ten (10) minutes for some shifts worked of

21  ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-

22  CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of

23  their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

24  Members were periodically denied their proper rest periods by DEFENDANT and

25  DEFENDANT's managers.

26       94.   DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

27  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

28  CLASS Members who were not provided a rest period, in accordance with the applicable Wage

1  Order, one additional hour of compensation at each employee's regular rate of pay for each

2  workday that rest period was not provided.

3    95.    As a proximate result of the aforementioned violations, PLAINTIFF and

4  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

5  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

6  suit.

7  ### SIXTH CAUSE OF ACTION

8  **For Failure to Reimburse Employees for Required Expenses**

9  **[Cal. Lab. Code § 2802]**

10  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

11  **Defendants)**

12    96.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

13  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

14  of this Complaint.

15    97.    Cal. Lab. Code § 2802 provides, in relevant part, that:

16    An employer shall indemnify his or her employee for all necessary expenditures
      or losses incurred by the employee in direct consequence of the discharge of his

17    or her duties, or of his or her obedience to the directions of the employer, even
      though unlawful, unless the employee, at the time of obeying the directions,

18    believed them to be unlawful.

19    98.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

20  failing to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

21  members for required expenses incurred in the discharge of their job duties for DEFENDANT's

22  benefit.  DEFENDANT failed to reimburse PLAINTIFFS and the CALIFORNIA LABOR

23  SUB-CLASS members for expenses which included, but were not limited to, costs related to

24  using their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

25  Specifically, PLAINTIFFS and other CALIFORNIA CLASS Members were required by

26  DEFENDANT to use their personal cell phones to respond to work related issues.

27  DEFENDANT's uniform policy, practice and procedure was to not reimburse PLAINTIFFS

28

CLASS ACTION COMPLAINT

1   and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their
2   personal cellular phones for DEFENDANT within the course and scope of their employment
3   for DEFENDANT.  These expenses were necessary to complete their principal job duties.
4   DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this
5   expectation. Although these expenses were necessary expenses incurred by PLAINTIFFS and
6   the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and
7   reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these
8   expenses as an employer is required to do under the laws and regulations of California.

9       99.    PLAINTIFFS therefore demand reimbursement for expenditures or losses
10  incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of
11  their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with
12  interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### SEVENTH CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

100.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

101.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

35

1    (3) the number of piecerate units earned and any applicable piece rate if the employee

2    is paid on a piece-rate basis,

3    (4) all deductions, provided that all deductions made on written orders of the employee

4    may be aggregated and shown as one item,

5    (5) net wages earned,

6    (6) the inclusive dates of the period for which the employee is paid,

7    (7) the name of the employee and his or her social security number, except that by

8    January 1, 2008, only the last four digits of his or her social security number or an

9    employee identification number other than a social security number may be shown on

10    the itemized statement,

11    (8) the name and address of the legal entity that is the employer, and

12    (9) all applicable hourly rates in effect during the pay period and the corresponding

13    number of hours worked at each hourly rate by the employee.

14    102.    When DEFENDANT did not accurately record PLAINTIFF's and other

15    CALIFORNIA CLASS Members' missed meal and rest breaks, DEFENDANT violated Cal.

16    Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing

17    that properly and accurately itemizes all missed meal and rest periods and reporting time wages

18    owed to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and

19    thereby also failed to set forth the correct wages earned by the employees.  Additionally, the

20    wage statements DEFENDANT issued to PLAINTIFF and other CALIFORNIA CLASS

21    Members violated Cal. Lab. Code Section 226(a) in that DEFENDANT failed to correctly list

22    the correct name of the legal entity that was the employer of PLAINTIFF and the

23    CALIFORNIA CLASS Members.

24    103.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code

25    § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

26    LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended

27    calculating the correct wages for all missed meal and rest breaks and the amount of employment

28    taxes which were not properly paid to state and federal tax authorities.  These damages are

36

1  difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA

2  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

3  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

4  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

5  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

6  PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

7

8                         **EIGHTH CAUSE OF ACTION**

9                       **For Failure to Pay Wages When Due**

10                      **[Cal. Lab. Code §§ 201, 202, 203]**

11        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12                                **Defendants)**

13        104.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14  reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of

15  this Complaint.

16        105.   Cal. Lab. Code § 200 provides that:

17        As used in this article:

18        (a) "Wages" includes all amounts for labor performed by employees of every
          description, whether the amount is fixed or ascertained by the standard of time,
19        task, piece, Commission basis, or other method of calculation.

20        (b) "Labor" includes labor, work, or service whether rendered or performed under
          contract, subcontract, partnership, station plan, or other agreement if the labor to
21        be paid for is performed personally by the person demanding payment.

22        106.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

23  an employee, the wages earned and unpaid at the time of discharge are due and payable

24  immediately."

25        107.   Cal. Lab. Code § 202 provides, in relevant part, that:

26        If an employee not having a written contract for a definite period quits his or her
          employment, his or her wages shall become due and payable not later than 72
27        hours thereafter, unless the employee has given 72 hours previous notice of his
          or her intention to quit, in which case the employee is entitled to his or her wages
28        at the time of quitting. Notwithstanding any other provision of law, an employee

                                        37

who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

108.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

109.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

110.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of wages, to these employees who missed meal and rest breaks, as required by law.

111.    Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

38

1           withheld from compensation due to PLAINTIFF and the other members of the

2           CALIFORNIA CLASS; and,

3    D)     Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

4           for restitution of the sums incidental to DEFENDANT's violations due to

5           PLAINTIFF and to the other members of the CALIFORNIA CLASS.

6  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

7    A)     That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

8           Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class

9           action pursuant to Cal. Code of Civ. Proc. § 382;

10    B)     Compensatory damages, according to proof at trial, including compensatory

11          damages for minimum and overtime compensation due PLAINTIFF and the other

12          members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

13          CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

14          statutory rate;

15    C)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

16          in which a violation occurs and one hundred dollars ($100) per each member of

17          the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

18          period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

19          an award of costs for violation of Cal. Lab. Code § 226;

20    D)     The wages of all terminated employees from the CALIFORNIA LABOR

21          SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

22          until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

23    E)     Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

24          the applicable IWC Wage Order;

25    F)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

26          LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

27          costs of suit; and,

28    G)     Liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1.

1  3.    On all claims:

2       A)    An award of interest, including prejudgment interest at the legal rate;

3       B)    Such other and further relief as the Court deems just and equitable; and,

4       C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

5             law, including, but not limited to, pursuant to Labor Code §218.5, §226 and/or

6             §1198.

7

8  Dated: July 29, 2019    BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

9

10

11                  By: _____
                        Norman B. Blumenthal
12                      Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR A JURY TRIAL

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated: July 29, 2019      BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6

7                                        By:
                                            Norman B. Blumenthal
8                                           Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Norman Blumenthal   (Bar # 68687)<br>Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Mallory Cavada | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**07/29/2019** at 12:12:36 PM<br>Clerk of the Superior Court<br>By Maria Acevedo, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: CENTRAL

CASE NAME:
MALLORY CAVADA v. INTER-CONTINENTAL HOTELS GROUP, INC. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2019-00039279-CU-OE-CTL |
| | | JUDGE: Judge Richard E. L. Strauss |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* EIGHT (8)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 29, 2019

Norman Blumenthal
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type** that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7075 | |

| PLAINTIFF(S) / PETITIONER(S): | Mallory Cavada |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Inter-Continental Hotels Group Inc et.al. |

CAVADA VS INTER-CONTINENTAL HOTELS GROUP INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2019-00039279-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Richard E. L. Strauss                                                Department: C-75

**COMPLAINT/PETITION FILED:** 07/29/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/24/2020 | 10:00 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Mallory Cavada |
|---|
| DEFENDANT(S): Inter-Continental Hotels Group Inc et.al. |
| SHORT TITLE: CAVADA VS INTER-CONTINENTAL HOTELS GROUP INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2019-00039279-CU-OE-CTL |
|---|---|

Judge: Richard E. L. Strauss                                        Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)               ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

_____             _____
Name of Plaintiff                            Name of Defendant

_____             _____
Signature                                    Signature

_____             _____
Name of Plaintiff's Attorney                 Name of Defendant's Attorney

_____             _____
Signature                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/30/2019                            _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1