UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALLORY CAVADA, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTER-CONTINENTAL HOTELS GROUP, INC.; IHG MANAGEMENT MARYLAND LLC; INTERCONTINENTAL HOTELS GROUP RESOURCES LLC; INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.; and DOES 1–50,<br><br>Defendants. | Case No.: 3:19-cv-1675-GPC-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CORRESPONDING DEADLINES; and**<br><br>**(2) RESETTING EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 18]** |

Before the Court is the parties' joint motion to continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"), currently set for November 13, 2019. ECF No. 18. The parties seek an order from the Court vacating the ENE and rescheduling the CMC. *Id*. at 2. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 11 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

As an initial matter, the parties' motion is deficient. The parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. *Id*. (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). The Court will take the parties at their words without the required declaration, but will not do so again.[1]

The parties have represented to the Court that they need additional time to meet and confer regarding disputes about the scope of the case (i.e., the number of employees at issue) because this would impact the potential for settlement at an ENE. ECF No. 18 at 2–3. The parties have also represented that they plan to exchange information prior to the

---

[1] "There can be no question that courts have inherent power to enforce compliance with their lawful orders . . ." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see* CivLR 83.1 (authorizing imposition of sanctions based on a party's failure to comply with a court order).

ENE, which has not yet been completed. *Id.* at 3. After the exchanges have been made, the parties plan to explore the possibility of private mediation. *Id.* (noting that the parties intend to "confer regarding whether a private mediation is agreeable"). Additionally, the parties have represented that that lead in-house counsel for Defendants is unavailable to attend the ENE due to previously scheduled business and travel commitments on the same date. *Id.*

Despite the joint motion's shortcomings, the Court finds that the parties have demonstrated the diligence necessary to meet the good cause standard as to why the November 13, 2019 date should be rescheduled. Therefore, the Court **GRANTS** the motion insofar as it seeks to continue the CMC. However, the joint motion provides no reasoning as to why the ENE should be vacated in lieu of being rescheduled, other than the parties' desire to *consider* mediation as a potential option. This district's Local Rules require ENEs in all civil cases, with limited exceptions that do not apply here. *See* CivLR 16.1(c)(1); CivLR 16.1(e). Thus, for lack of good cause, the Court **DENIES** the motion insofar as it seeks to vacate the ENE.

Thus, the ENE and CMC originally set for November 13, 2019 are hereby **RESET** for **January 15, 2020** at **2:00 p.m.**[2] before the Honorable Allison H. Goddard. Her chambers are located on the third floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 3142, San Diego, California 92101. Do not report to Courtroom 3B; report to Chambers. In the event the case does not settle at the ENE, the Court will immediately thereafter hold a CMC.

Since the ENE has been continued, the accompanying pre-conference dates are also continued as follows: (1) the Confidential ENE Statements must be lodged with the Court no later than **January 10, 2020**; (2) the parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **December 24, 2019**; (3) an updated Joint Case Management

---

[2] The parties requested the CMC be reset for January 14, 2020 or January 16, 2020. ECF No. 18 at 4. However, those dates are unavailable on the Court's calendar. The Court has reset the ENE and CMC on the earliest available date.

Statement must be filed by **January 5, 2020**; and (4) initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **January 8, 2020**. The parties must abide by all other pre-conference procedures set forth in the Court's initial Order resetting the ENE and issuing pre-conference procedures following the transfer of this case. *See* ECF No. 11.

**IT IS SO ORDERED.**

Dated: November 7, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge