1   **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiff

7               **UNITED STATES DISTRICT COURT**

8            **SOUTHERN DISTRICT OF CALIFORNIA**

9   MALLORY CAVADA, an individual, on          Case No. **3:19-cv-01675-GPC-AHG**
    behalf of herself and on behalf of all
10  persons similarly situated,                 **FIRST AMENDED CLASS ACTION**
                                                **COMPLAINT FOR:**
11                                              1. UNFAIR COMPETITION IN
                                                VIOLATION OF CAL. BUS. & PROF.
12                 Plaintiff,                    CODE §§ 17200, *et seq.*;
                                                2.  FAILURE TO PAY MINIMUM WAGES
13  vs.                                         IN VIOLATION OF CAL. LAB. CODE §§
                                                1194, 1197 & 1197.1;
14  IHG MANAGEMENT MARYLAND                     3.  FAILURE TO PAY OVERTIME WAGES
    LLC, a Limited Liability Company;           IN VIOLATION OF CAL. LAB. CODE §§
15  INTERCONTINENTAL HOTELS                     510, *et seq*;
    GROUP RESOURCES, INC., a                    4.  FAILURE TO PROVIDE REQUIRED
16  Corporation; INTERCONTINENTAL               MEAL PERIODS IN VIOLATION OF CAL.
    HOTELS GROUP RESOURCES, LLC, a              LAB. CODE §§ 226.7 & 512 AND THE
17  Limited Liability Company,                  APPLICABLE IWC WAGE ORDER;
                                                5.  FAILURE TO PROVIDE REQUIRED
18                                              REST PERIODS IN VIOLATION OF CAL.
                                                LAB. CODE §§ 226.7 & 512 AND THE
19                 Defendants.                   APPLICABLE IWC WAGE ORDER;
                                                6.  FAILURE TO REIMBURSE
20                                              EMPLOYEES FOR REQUIRED
                                                EXPENSES IN VIOLATION OF
21                                              CAL. LAB. CODE § 2802;
                                                7. FAILURE TO PROVIDE ACCURATE
22                                              ITEMIZED STATEMENTS IN VIOLATION
                                                OF CAL. LAB. CODE § 226;
23                                              8.  FAILURE TO PROVIDE WAGES
                                                WHEN DUE IN VIOLATION OF CAL.
24                                              LAB. CODE §§ 201, 202 AND 203; and,
                                                9.  VIOLATION OF THE PRIVATE
25                                              ATTORNEYS GENERAL ACT [LABOR
                                                CODE §§ 2698, *et seq*.]
26
27                                              **DEMAND FOR A JURY TRIAL**

28
                                1

Plaintiff Mallory Cavada ("PLAINTIFF") an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.    Defendant IHG Management Maryland LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.    Defendant Intercontinental Hotels Group Resources, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

3.    Defendant Intercontinental Hotels Group Resources, LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

4.    Defendants  IHG Management Maryland LLC,  Intercontinental Hotels Group Resources, Inc., and Intercontinental Hotels Group Resources, LLC were the joint employers of PLAINTIFF as evidenced by paychecks and by the company PLAINTIFF performed work for, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as DEFENDANT.

5.    DEFENDANT owns and operates hotels in California.

6.    PLAINTIFF was employed by DEFENDANT from October of 2017 to September of 2018 as a Front Desk Agent and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.  Plaintiff was employed by DEFENDANT at the Staybridge Suites in the Rancho Bernardo area of San Diego.

7.    Throughout this Complaint, the claims of employees which were released by the *Akli Merzouki v. IHG Management Maryland LLC; Intercontinental Hotels Group* settlement;

FIRST AMENDED CLASS ACTION COMPLAINT

Case No. BC685729 (Los Angeles County Superior Court) are excluded and such claims are not being raised by this action.

8.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by Defendant IHG Management Maryland LLC and/or Defendant Intercontinental Hotels Group Resources, LLC and/or Intercontinental Hotels Group Resources, Inc. in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

9.    PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees.  DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

10.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

FIRST AMENDED CLASS ACTION COMPLAINT

**THE CONDUCT**

11.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANT's control. Specifically, DEFENDANT required, permitted or suffered PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments. Indeed there were many days where PLAINTIFF did not even receive a partial lunch. As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by regularly working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates. DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANT's business records.

12.      As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

13.      During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

4

CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

14.     DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

15.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cell phones in order to clock in and out for work, as well

as for other work related issues. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

16.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct net and gross wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Additionally, the wage statements DEFENDANT issued to PLAINTIFF and other CALIFORNIA CLASS Members violated Cal. Lab. Code Section 226(a) in that DEFENDANT failed to correctly list the correct name of the legal entity that was the employer of PLAINTIFF and the CALIFORNIA CLASS Members. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

17.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment for all time worked as required by California law which allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

18.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record all missed meal and rest periods by PLAINTIFF and other CALIFORNIA CLASS Members. The proper recording of these employees' missed meal and rest breaks is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

19.     Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to her as required by the applicable Wage Order and Labor Code and failed to pay her all minimum and overtime wages due to her. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for her missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent her from being relieved of all of her duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. As a result of DEFENDANT not accurately recording all missed meal and rest periods and/or minimum and overtime wages due, the wage statements issued to PLAINTIFF by DEFENDANT violated California law, and in particular, Labor Code Section 226(a). To date, DEFENDANT has yet to pay PLAINTIFF all of her wages due to her and DEFENDANT has failed to pay any penalty wages owed to her under California Labor Code Section 203.

## JURISDICTION AND VENUE

20.     This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

21.     Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391

1    because (i) DEFENDANT conducts and conducted substantial business within this judicial

2    district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise

3    in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct

4    against class members in this district.

5

6                            **THE CALIFORNIA CLASS**

7        22.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

8    Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

9    Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class,

10    defined as all individuals who are or previously were employed by Defendant IHG Management

11    Maryland LLC and/or Defendant Intercontinental Hotels Group Resources, LLC and/or

12    Intercontinental Hotels Group Resources, Inc. in California and classified as non-exempt

13    employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4)

14    years prior to the filing of this Complaint and ending on the date as determined by the Court

15    (the "CALIFORNIA CLASS PERIOD").

16        23.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

17    CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

18    accordingly.

19        24.    DEFENDANT, as a matter of company policy, practice and procedure, and in

20    violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

21    requirements, and the applicable provisions of California law, intentionally, knowingly, and

22    wilfully, engaged in a practice whereby DEFENDANT systematically failed to record all meal

23    and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though

24    DEFENDANT enjoyed the benefit of this work, required employees to perform this work and

25    permits or suffers to permit this work.

26        25.    DEFENDANT has the legal burden to establish that each and every

27    CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as

28    required by California laws.   The DEFENDANT, however, as a matter of uniform and

systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

26.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

27.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly and systematically failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees;

(b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods; and,

(c)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

28.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

FIRST AMENDED CLASS ACTION COMPLAINT

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby systematically underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

29.     In addition to meeting the statutory prerequisites to a Class Action, this action is

10

properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

      (a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

          1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

          2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

      (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

          1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

      (c)    Common questions of law and fact exist as to the members of the

11

1      CALIFORNIA CLASS, with respect to the practices and violations of

2      California law as listed above, and predominate over any question

3      affecting only individual CALIFORNIA CLASS Members, and a Class

4      Action is superior to other available methods for the fair and efficient

5      adjudication of the controversy, including consideration of:

6      1)    The interests of the members of the CALIFORNIA CLASS in

7      individually controlling the prosecution or defense of separate

8      actions in that the substantial expense of individual actions will be

9      avoided to recover the relatively small amount of economic losses

10     sustained by the individual CALIFORNIA CLASS Members when

11     compared to the substantial expense and burden of individual

12     prosecution of this litigation;

13     2)    Class certification will obviate the need for unduly duplicative

14     litigation that would create the risk of:

15     A.    Inconsistent or varying adjudications with respect to

16     individual members of the CALIFORNIA CLASS, which

17     would establish incompatible standards of conduct for the

18     DEFENDANT; and/or,

19     B.    Adjudications with respect to individual members of the

20     CALIFORNIA CLASS would as a practical matter be

21     dispositive of the interests of the other members not parties

22     to the adjudication or substantially impair or impede their

23     ability to protect their interests;

24     3)    In the context of wage litigation because a substantial number of

25     individual CALIFORNIA CLASS Members will avoid asserting

26     their legal rights out of fear of retaliation by DEFENDANT, which

27     may adversely affect an individual's job with DEFENDANT or

28     with a subsequent employer, the Class Action is the only means to

assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

30.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the

1             damages and injuries which DEFENDANT's actions have inflicted upon

2             the CALIFORNIA CLASS;

3       (f)      There is a community of interest in ensuring that the combined assets of

4             DEFENDANT are sufficient to adequately compensate the members of

5             the CALIFORNIA CLASS for the injuries sustained;

6       (g)     DEFENDANT has acted or refused to act on grounds generally applicable

7             to the CALIFORNIA CLASS, thereby making final class-wide relief

8             appropriate with respect to the CALIFORNIA CLASS as a whole;

9       (h)      The members of the CALIFORNIA CLASS are readily ascertainable from

10            the business records of DEFENDANT; and,

11      (i)      Class treatment provides manageable judicial treatment calculated to bring

12            a efficient and rapid conclusion to all litigation of all wage and hour

13            related claims arising out of the conduct of DEFENDANT as to the

14            members of the CALIFORNIA CLASS.

15     31.      DEFENDANT maintains records from which the Court can ascertain and identify

16 by job title each of DEFENDANT's employees who as have been systematically, intentionally

17 and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein

18 alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles

19 of similarly situated employees when they have been identified.

20

21                          **THE CALIFORNIA LABOR SUB-CLASS**

22     32.      PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and

23 Eighth Causes of Action on behalf of a California sub-class, defined as all members of the

24 CALIFORNIA CLASS who are or previously were employed by Defendant IHG Management

25 Maryland LLC and/or Defendant Intercontinental Hotels Group Resources, LLC and/or

26 Intercontinental Hotels Group Resources, Inc. in California (the "CALIFORNIA LABOR SUB-

27 CLASS") at any time during the period three (3) years prior to the filing of the complaint and

28

ending on the date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

33.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

34.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

35.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

36.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

15

FIRST AMENDED CLASS ACTION COMPLAINT

1        (b)     Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)     Whether DEFENDANT's conduct was willful.

37.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 510, *et seq*., by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks; and,

(e)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in

16

the discharge of their job duties; and,

(f) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

38. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

17

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

39.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly fails to pay all wages due. Including the correct

18

1     wages for all time worked by the members of the CALIFORNIA LABOR

2     SUB-CLASS as required by law;

3     (c)    Common questions of law and fact predominate as to the members of the

4     CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

5     violations of California Law as listed above, and predominate over any

6     question affecting only individual CALIFORNIA LABOR SUB-CLASS

7     Members, and a Class Action is superior to other available methods for

8     the fair and efficient adjudication of the controversy, including

9     consideration of:

10     1)    The interests of the members of the CALIFORNIA LABOR SUB-

11     CLASS in individually controlling the prosecution or defense of

12     separate actions in that the substantial expense of individual

13     actions will be avoided to recover the relatively small amount of

14     economic losses sustained by the individual CALIFORNIA

15     LABOR SUB-CLASS Members when compared to the substantial

16     expense and burden of individual prosecution of this litigation;

17     2)    Class certification will obviate the need for unduly duplicative

18     litigation that would create the risk of:

19     A.    Inconsistent or varying adjudications with respect to

20     individual members of the CALIFORNIA LABOR SUB-

21     CLASS, which would establish incompatible standards of

22     conduct for the DEFENDANT; and/or,

23     B.    Adjudications with respect to individual members of the

24     CALIFORNIA LABOR SUB-CLASS would as a practical

25     matter be dispositive of the interests of the other members

26     not parties to the adjudication or substantially impair or

27     impede their ability to protect their interests;

28     3)    In the context of wage litigation because a substantial number of

19

individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

40. This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

FIRST AMENDED CLASS ACTION COMPLAINT

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

41.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

21

1   Complaint.

2   42.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

3   Code § 17021.

4   43.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

5   unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

6   17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

7   competition as follows:

8       Any person who engages, has engaged, or proposes to engage in unfair
    competition may be enjoined in any court of competent jurisdiction. The court

9       may make such orders or judgments, including the appointment of a receiver, as
    may be necessary to prevent the use or employment by any person of any practice

10      which constitutes unfair competition, as defined in this chapter, or as may be
    necessary to restore to any person in interest any money or property, real or

11      personal, which may have been acquired by means of such unfair competition.

12  Cal. Bus. & Prof. Code § 17203.

13  44.    By the conduct alleged herein, DEFENDANT has engaged and continues to

14  engage in a business practice which violates California law, including but not limited to, the

15  applicable Industrial Wage Order(s), the California Code of Regulations and the California

16  Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198 & 2802,

17  for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus.

18  & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute

19  unfair competition, including restitution of wages wrongfully withheld.

20  45.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

21  unfair in that these practices violate public policy, were immoral, unethical, oppressive,

22  unscrupulous or substantially injurious to employees, and were without valid justification or

23  utility for which this Court should issue equitable and injunctive relief pursuant to Section

24  17203 of the California Business & Professions Code, including restitution of wages wrongfully

25  withheld.

26  46.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

27  fraudulent in that DEFENDANT's uniform policy and practice failed to provide the legally

28  mandated meal and rest periods, the required amount of compensation for missed meal and rest

periods and overtime and minimum wages owed, and failed to reimburse al necessary business expenses incurred, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

47.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

48.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

49.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

50.    PLAINTIFF further demands on behalf of herself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

51.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

23

52.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

53.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

54.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

55.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

56.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

24

CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

57.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

58.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

59.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

60.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

61.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

62.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

63.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

25

benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

64.  As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

65.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

66.  By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

67.  DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked.  DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

68.  In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

26

members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

69.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

70.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

71.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8)

27

1    hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

2    workweek.

3       72.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

4    public policy, an employer must timely pay its employees for all hours worked.

5       73.    Cal. Lab. Code § 510 further provides that employees in California shall not be

6    employed more than eight (8) hours per workday and more than forty (40) hours per workweek

7    unless they receive additional compensation beyond their regular wages in amounts specified

8    by law.

9       74.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

10   including minimum wage and overtime compensation and interest thereon, together with the

11   costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for

12   longer hours than those fixed by the Industrial Welfare Commission is unlawful.

13      75.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

14   CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

15   DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

16   including overtime work.

17      76.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

18   without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

19   result of implementing a uniform policy and practice that failed to accurately record overtime

20   worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied

21   accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR

22   SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight

23   (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

24   workweek.

25      77.    In committing these violations of the California Labor Code, DEFENDANT

26   inaccurately recorded overtime worked and consequently underpaid the overtime worked by

27   PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted

28   in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation

28

of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

78.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

79.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

80.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages..

81.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

82.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained

according to proof at trial.

83.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

84.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

85.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

FIRST AMENDED CLASS ACTION COMPLAINT

# FOURTH CAUSE OF ACTION

## For Failure to Provide Required Meal Periods

## [Cal. Lab. Code §§ 226.7 & 512 ]

## (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

86.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

87.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS does not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

88.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for

1   each workday that a meal period was not provided.

2        89.    As a proximate result of the aforementioned violations, PLAINTIFF and

3   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

4   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

5   suit.

6

7                              **FIFTH CAUSE OF ACTION**

8                    **For Failure to Provide Required Rest Periods**

9                        **[Cal. Lab. Code §§ 226.7 & 512 ]**

10       **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

11                                    **Defendants)**

12       90.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

13  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

14  of this Complaint.

15       91.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

16  time to time required to work in excess of four (4) hours without being provided ten (10) minute

17  rest periods.  Further, these employees were denied their first rest periods of at least ten (10)

18  minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest

19  period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,

20  and a first, second and third rest period of at least ten (10) minutes for some shifts worked of

21  ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA LABOR SUB-

22  CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of

23  their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

24  Members were periodically denied their proper rest periods by DEFENDANT and

25  DEFENDANT's managers.

26       92.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

27  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

28  CLASS Members who were not provided a rest period, in accordance with the applicable Wage

Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

93.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**SIXTH CAUSE OF ACTION**

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

94.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

95.     Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

96.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones all on behalf of and for the benefit of DEFENDANT. Specifically, PLAINTIFFS and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cell phones to respond to work related issues. DEFENDANT's uniform policy, practice and procedure was to not reimburse PLAINTIFFS

FIRST AMENDED CLASS ACTION COMPLAINT

and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

97.    PLAINTIFFS therefore demand reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## SEVENTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

98.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

99.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

34

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

100.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct net and gross wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Additionally, the wage statements DEFENDANT issued to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members violated Cal. Lab. Code Section 226(a) in that DEFENDANT failed to correctly list the correct name of the legal entity that was the employer of PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members.  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

35

1    101.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code

2  § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

3  LABOR SUB-CLASS.   These damages include, but are not limited to, costs expended

4  calculating the correct wages for all missed meal and rest breaks and the amount of employment

5  taxes which were not properly paid to state and federal tax authorities.   These damages are

6  difficult to estimate.   Therefore, PLAINTIFF and the other members of the CALIFORNIA

7  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

8  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

9  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

10  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

11  PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

12

13              **EIGHTH CAUSE OF ACTION**

14            **For Failure to Pay Wages When Due**

15            **[Cal. Lab. Code §§ 201, 202, 203]**

16      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

17                    **Defendants)**

18    102.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19  reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of

20  this Complaint.

21    103.   Cal. Lab. Code § 200 provides that:

22  As used in this article:

23  (a) "Wages" includes all amounts for labor performed by employees of every
    description, whether the amount is fixed or ascertained by the standard of time,
24  task, piece, Commission basis, or other method of calculation.

25  (b) "Labor" includes labor, work, or service whether rendered or performed under
    contract, subcontract, partnership, station plan, or other agreement if the labor to
26  be paid for is performed personally by the person demanding payment.

27    104.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

28  an employee, the wages earned and unpaid at the time of discharge are due and payable

                    36

1    immediately."

2    105.   Cal. Lab. Code § 202 provides, in relevant part, that:

3    If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

8    106.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

9    CLASS Members' employment contract.

10   107.   Cal. Lab. Code § 203 provides:

11   If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

14   108.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

15   Members has terminated and DEFENDANT has not tendered payment of wages, to these

16   employees who missed meal and rest breaks, as required by law.

17   109.   Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the

18   members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated,

19   PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time

20   of termination for all employees who terminated employment during the CALIFORNIA

21   LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due,

22   plus interest and statutory costs as allowed by law.

23   **NINTH CAUSE OF ACTION**

24   **For Violation of the Private Attorneys General Act**

25   **[Cal. Lab. Code §§ 2698, *et seq.*]**

26   **(By PLAINTIFF and Against All Defendants)**

27   110.   PLAINTIFF incorporates by reference the allegations set forth in paragraphs

28   1-109, supra, as though fully set forth at this point.

37

111.    PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.    An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.    The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.    In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

112.    PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to herself and all individuals who are or previously were employed by Defendant IHG Management Maryland LLC and/or Defendant Intercontinental Hotels Group Resources, LLC and/or Intercontinental Hotels Group Resources, Inc. in California and classified as non-exempt employees in California (the "AGGRIEVED EMPLOYEES") during the time period of July 30, 2018 until a date as determined by the Court (the "PAGA PERIOD").

113.    On July 30, 2019, PLAINTIFF gave written notice by electronic mail to the Labor and Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.    *See* **Exhibit #1**, attached hereto and incorporated by this reference herein.    The statutory waiting period for PLAINTIFF to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

114.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the other

38

AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed to pay minimum wages, (d) failed to pay overtime wages, (e) failed to pay wages when due, and (f) failed to reimburse employees for required expenses, all in violation of the applicable Labor Code sections listed in Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1), 558(a)(2), 1194, 1197, 1197.1, 1198, 2802, and the applicable Industrial Wage Order(s), and thereby gives rise to civil penalties as a result of such conduct.[1]   PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

115.    The conduct and violations alleged herein occurred during the PAGA PERIOD. To the extent that any of the conduct and violations alleged herein did not affect PLAINTIFF during the PAGA PERIOD, PLAINTIFF seeks penalties for those violations that affected other AGGRIEVED EMPLOYEES pursuant to *Carrington v. Starbucks Corp*. 2018 AJDAR 12157 (Certified for Publication 12/19/18).

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

   A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

   C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

---

[1]Plaintiffs specifically exclude and/or do not allege any claims under California Labor Code §558(a)(3).

FIRST AMENDED CLASS ACTION COMPLAINT

1      withheld from compensation due to PLAINTIFF and the other members of the

2      CALIFORNIA CLASS; and,

3    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

4      for restitution of the sums incidental to DEFENDANT's violations due to

5      PLAINTIFF and to the other members of the CALIFORNIA CLASS.

6    2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

7    A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

8      Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class

9      action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

10   B)   Compensatory damages, according to proof at trial, including compensatory

11     damages for minimum and overtime compensation due PLAINTIFF and the other

12     members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

13     CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

14     statutory rate;

15   C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

16     in which a violation occurs and one hundred dollars ($100) per each member of

17     the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

18     period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

19     an award of costs for violation of Cal. Lab. Code § 226;

20   D)   The wages of all terminated employees from the CALIFORNIA LABOR

21     SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

22     until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

23   E)   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

24     the applicable IWC Wage Order;

25   F)   The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

26     LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

27     costs of suit; and,

28   G)   Liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1.

40

3.   On behalf of the State of California and with respect to all AGGRIEVED
     EMPLOYEES:

     A)   Recovery of civil penalties as prescribed by the Labor Code Private Attorneys
          General Act of 2004.

4.   On all claims:

     A)   An award of interest, including prejudgment interest at the legal rate;

     B)   Such other and further relief as the Court deems just and equitable; and,

     C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the
          law, including, but not limited to, pursuant to Labor Code §226, §1194 and/or
          §2802.

Dated: December 5, 2019          BLUMENTHAL NORDREHAUG BHOWMIK
                                 DE BLOUW LLP


                                 By:  /s/ Norman Blumenthal
                                      _____
                                      Norman B. Blumenthal
                                      Attorneys for Plaintiff

41

1

## **DEMAND FOR A JURY TRIAL**

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4     Dated: December 5, 2019          BLUMENTHAL NORDREHAUG BHOWMIK
                                       DE BLOUW LLP
5

6

7                                          /s/ *Norman Blumenthal*
                                       By: _____
8                                          Norman B. Blumenthal
                                           Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT